United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-3653
_____

Billy E. Bennett, Jr.,                          *
                                                *
            Appellant,          *
                                                *
    v.                                          *      Appeal from the United States
                                                *      District Court for the Western
Federated Mutual Insurance Company *      District of Arkansas.
as plan administrator of the Federated  *
Mutual Insurance Company Career      *
Growth Bonus Plan and as plan      *
administrator of the Federated Mutual  *
Insurance Company Golden Cash *
Reserve Plan; Federated Mutual      *
Insurance Company Career Growth      *
Bonus Plan; Federated Mutual      *
Insurance Company Golden Cash *
Reserve Plan,                          *
                                                *
            Appellees.          *


_____


Submitted: March 12, 1998

Filed: April 2, 1998
_____

Before MORRIS SHEPPARD ARNOLD and FLOYD R. GIBSON,
Circuit Judges, and NANGLE,* Senior District Judge.
_____

_____

        *    The HONORABLE JOHN F. NANGLE, Senior United States District
Judge for the Eastern District of Missouri, sitting by designation.

_____

NANGLE, Senior District Judge.


Billy E. Bennett, Jr. appeals from the district court's[***] grant of summary judgment in favor of appellees in his suit for recovery of pension benefits under ERISA. The district court ruled that appellant's suit was barred by the statute of limitations because his cause of action accrued on the date of his termination of employment rather than on the date that his claim for benefits was denied. We affirm.


Appellant began working for Federated Mutual Insurance Company ("Federated") in 1980. At some point after his initial hiring, appellant was selected for transfer to Compensation Plan II. Transfer to Plan II is within the sole discretion of Federated and is an incentive plan reserved for its top performers. Under Plan II, appellant began participating in the Federated Mutual Insurance Company Career Growth Bonus Plan (the " Bonus Plan"). Only select employees are allowed to participate in the Bonus Plan as a reward for being a top performer. The Bonus Plan does not payout during active employment and no funds are deposited or transferred into individual accounts for plan participants. Credit in the Bonus Plan is earned when the employee has met certain goals and is not payable until retirement, permanent disability or death. Credit is forfeited upon termination for any other reason. According to the Bonus Plan, upon forfeiture an employee has sixty days to contest said forfeiture.

---

[***] The HONORABLE H. FRANKLIN WATERS, United States District Court for the Western District of Arkansas.

Appellant alleges the Bonus Plan is an "employee pension benefit plan" as defined by ERISA. Appellant resigned from Federated on May 31, 1990. At that time, he had accumulated credit in the amount of $57,992 in the Bonus Plan. It is undisputed that Appellant had a copy of the Bonus Plan which contains the forfeiture clause. It is also undisputed that while still working at Federated, two of appellant's superiors told

him that if he resigned he would automatically forfeit all plan credit and interest accumulated under the Bonus Plan. Further, upon appellant's resignation, he received a letter informing him that he would automatically forfeit any credit and interest accumulated in the Bonus Plan.

In a letter dated January 18, 1996, appellant demanded payment of benefits due him under the Bonus Plan. The Bonus Plan denied the claim on March 20, 1996. Appellant appealed the denial through the Plan and said denial was upheld by letter dated May 20, 1996. Appellant did not contest the denial within sixty days as required by the Bonus Plan. Appellant filed the present action on November 11, 1996, seeking payment of his vested pension benefits. Appellees filed for summary judgment, which the district court granted. The court ruled that appellant's cause of action had accrued on the date of his termination of employment and therefore the suit was barred by the statute of limitations.

We review the district court's grant of summary judgment de novo, using the same standards as the district court. See Mayard v. Hopwood, 105 F.3d 1226, 1227 (8th Cir. 1997). Summary judgment is only appropriate when the record demonstrates there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law after viewing the facts and inferences in the light most favorable to the nonmoving party. See Fed. R. Civ. P. 56(c); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Under Eighth Circuit law, a "claim for ERISA benefits is characterized as a contract action for statute of limitations purposes." See Adamson v. Armco, 44 F.3d 650,

652 (8th Cir. 1995).  Although the court looks to state statutes of limitations, federal law determines when the cause of action accrues.  See Connors v. Hallmark & Son Coal Co., 935 F.2d 336, 341 (D.C. Cir. 1991); Dixon v. Anderson, 928 F.2d 212, 215 (6th Cir. 1991); Cada v. Baxter Healthcare Corp., 920

F.2d 446, 450 (7th Cir. 1990), cert. denied, 501 U.S. 1261 (1991); Northern California Retail Clerks Union & Food Employers Joint Pension Trust Fund v. Jumbo Markets, Inc., 906 F.2d 1371, 1372 (9th Cir. 1990).  The parties agree that the Arkansas five year statute of limitations applies to this case.  See Ark. Code Ann. § 16-56-111(West, WESTLAW through 1997 Reg. Sess.).

The only issue on appeal is whether the discovery rule should apply to determine when the statute of limitations begins to run or whether the statute of limitations should begin to run when a claim for benefits is made and denied. This issue was recently decided by a panel of this Court in Union Pacific Railroad Co. v. Beckham, 1998 WL 79003 (8th Cir. Feb. 26, 1998).  In Union Pacific, the Court noted that absent a contrary mandate from Congress, the discovery rule, which states that a cause of action accrues when a plaintiff "discovers or with due diligence should have discovered, the injury that is the basis of the litigation," determines when a cause of action accrues in a federal question case.  Id. at * 4.  The Court reasoned that in an ERISA action "[c]onsistent with the discovery rule, the general rule . . . is that a cause of action accrues after a claim for benefits has been made and has been formally denied."  Id. at * 5.  There are times, however, when "an ERISA beneficiary's cause of action accrues before a formal denial, and even before a claim for benefits is filed 'when there has been a clear repudiation by the fiduciary which is clear and made known to the beneficiar [y].'"  Id. (citing Miles v. New York State Teamsters Conf. Pension & Retirement Fund Employee Pension Benefit Plan, 698 F.2d 593, 598 (2nd Cir. 1983)).

In the present case, it is undisputed that appellees informed appellant by letter on the date of his resignation that he forfeited any credit and interest accumulated in the Bonus Plan.  This letter was a clear repudiation by the fiduciary which was "clear and made known" to appellant, the beneficiary.  <u>Id</u>.  Consistent with the discovery rule, appellant knew or should have known on the date of his resignation that he would forfeit his benefits because he had a copy of the Bonus Plan which

included the forfeiture clause, he had been told by two superiors that if he resigned he would forfeit his benefits and he received a clear repudiation in the form of a letter upon his resignation.  Appellant's cause of action accrued on the date of his resignation and the district court correctly held that the statute of limitations barred his suit.  Affirmed.

A true copy.

　　　Attest:


　　　　　CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.