24 F.Supp.2d 1004 (1998)
Bruce KIENLE, Plaintiff,
v.
HUNTER ENGINEERING CO. and Profit Sharing Plan and Trust, Defendants.
No. 4:98CV1567 SNL.
United States District Court, E.D. Missouri, Eastern Division.
November 3, 1998.
*1005 James G. Nowogrocki, St. Louis, MO, Steven A. Katz, Douglas R. Sprong, Carr and Korein, Swansea, IL, for Plaintiff.
Dean L. Franklin, Partner, J. William Newbold, III, Partner, Richard J. Pautler, Partner, Thompson Coburn, St. Louis, MO, for Defendants.

MEMORANDUM AND ORDER
LIMBAUGH, District Judge.
This matter is before the Court on two separate motions to dismiss filed by defendants. Bruce Kienle, a resident of New York, filed this action under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, et seq., on September 27, 1997, in federal District Court in Illinois. On July 1, 1988, plaintiff had signed a sales representative agreement with defendant Hunter Engineering Co. The agreement provided, inter alia: "it is the essence of this Agreement that the Sales Representative is a self-employed independent business person [and] ... shall not be considered or deemed in any way to be an employee of the Company ...."
In this action, plaintiff claims that Hunter Engineering Co. and defendant Profit Sharing Plan and Trust, wrongfully did not allow him to participate in the Plan by designating him an independent contractor rather than an employee. Plaintiff asserts that this was in violation of ERISA and defendants' fiduciary duties. He seeks recovery of benefits, to enforce his rights under the terms of the *1006 plan, to clarify his rights to future benefits, and injunctive relief, under § 1132(a)(1)(B), (a)(2); and (a)(3). The complaint asks the Court to certify a class of plaintiffs consisting of all employees of the company designated as independent contractors who were excluded from participating in the Plan.
On December 29, 1997, defendants filed two separate motions to dismiss the complaint. In the first motion they sought dismissal of all claims on the ground of improper venue, or alternatively, transfer of the action to this Court. In the second motion they sought dismissal of the claims under §§ 1132(a)(2) and the breach of fiduciary duty claim.
On July 23, 1998, defendants filed a "second motion to dismiss certain claims" arguing that the claims under § 1132(a)(1) were time-barred. Defendants argued that under Illinois's borrowing statute, plaintiff's § 1132(a)(1) claims were governed by the six-year statute of limitations of New York for contract actions, N.Y. McKinney's, CPLR 213, because that is where plaintiff performed under the sales representative agreement. They further argued that the cause of action accrued on July 1, 1988, when plaintiff signed the sales representative agreement which clearly specified that he was considered an independent contractor and not an employee.
In opposition to the July 1998 motion to dismiss, plaintiff argued that the cause of action did not accrue until his claim for benefits was denied by the Plan's trustees in September 1997. He also argued that because a federal claim was involved, it was inappropriate to use a forum state's borrowing statute, and thus Illinois's own ten-year statute of limitations for breach of contract actions applied. He did not dispute that if the borrowing statute were relevant, New York's statute of limitations would apply.
On September 10, 1998, the Court granted the motion to transfer and the case was transferred to this Court. On October 9, 1998, defendants filed with this Court a supplemental memorandum in support of their July 1998 motion to dismiss, in which they rebrief the statute of limitations argument with reference to this forum's state law. They argue that applying Missouri's borrowing statute produces the same result as applying Illinois's borrowing statute. Although plaintiff did not file a surreply, the Court notes that like Illinois, the relevant Missouri contract statute of limitations, Mo.Rev.Stat. § 516.110(1), is ten years. See Johnson v. State Mut. Life Assur. Co., 942 F.2d 1260 (8th Cir.1991).
With regard to defendants' first motion to dismiss, they correctly argue that plaintiff's claim for breach of defendants' fiduciary duty is governed by ERISA's own three-year statute of limitations, 29 U.S.C. § 1113, and is thus time-barred. Defendants are also correct that plaintiff has no cause of action under § 1132(a)(2) which allows actions by a fiduciary on behalf of a plan.
The second motion to dismiss relates to plaintiff's claims as a beneficiary under § 1132(a)(1) and (3). ERISA does not contain a statute of limitations for these claims. Thus, the federal court must look to the most appropriate state statute of limitations; federal common law, however, determines the date on which the statute begins to run. Bennett v. Federated Mutual Ins. Co., 141 F.3d 837, 838 (8th Cir.1998); Union Pac. R.R., Co. v. Beckham, 138 F.3d 325, 330 (8th Cir.), cert. denied, ___ U.S. ___, 119 S.Ct. 56, 142 L.Ed.2d 43 (1998).
Under federal common law, a beneficiary's ERISA action accrues "before a formal denial [of a claim for benefits], and even before a claim for benefits is filed, when there has been a repudiation by the fiduciary which is clear and made known to the beneficiary." Bennett, 141 F.3d at 839 (action for ERISA benefits accrued on date plan administrators informed beneficiary on date of his resignation that he forfeited any credit and interest accumulated in benefits plan); Union Pac. R.R., Co, 138 F.3d at 330 (action accrued when claimants were informed that pre-acquisition service would not be used to determine credited service under successor company's benefits plan). Upon review of the record, the Court concludes that plaintiff's claims under § 1132(a)(1) and (3) accrued on July 1, 1988, when he signed the agreement clearly informing him that he *1007 would be considered an independent contractor and not an employee.
The question remains as to which state's statute of limitations applies in this case. If New York's statute were to apply, plaintiff's § 1132(a)(1) and (3) claims would be time-barred; if Missouri's were to apply, they would be timely. The Court rejects plaintiff's argument that because this is a federal question action, Missouri's borrowing statute, Mo.Rev.Stat., § 516.190, is not relevant. See Heideman v. PFL, Inc., 904 F.2d 1262 (8th Cir.1990) (in ERISA action by beneficiary, Court looked to Missouri's borrowing statute to determine which state's statute of limitations applied), cert. denied, 498 U.S. 1026, 111 S.Ct. 676, 112 L.Ed.2d 668 (1991); Barnett v. IBM, 885 F.Supp. 581 (S.D.N.Y. 1995) (in ERISA action by beneficiary, federal court looks to forum state's borrowing statute to determine which state's limitations period applies); cf. Held v. Manufacturers Hanover Leasing Corp., 912 F.2d 1197, 1202 (10th Cir.1990) (In ERISA action by beneficiary, federal court should apply statute of limitations of state with most significant relationship to claim); National Iranian Oil Co. v. Mapco Int'l, Inc., 983 F.2d 485, 494 (3d Cir.1992) (forum state's borrowing statute considered for statute of limitations determination in action under Federal Arbitration Act which does not have its own statute of limitations). But see Champion Int'l Corp. v. United Paperworkers Int'l Union, 779 F.2d 328, 332-33 (6th Cir.1985) (refusing to apply forum state's borrowing statute; applying forum state's limitations period to federal question action).
As noted above, plaintiff does not dispute that under Missouri's borrowing statute, New York's six-year statute of limitations, N.Y. McKinney's, CPLR 213, would apply to his ERISA claims for benefits, and these claims would be time-barred. See Held v. Manufacturers Hanover Leasing Corp., 912 F.2d at 1203. Missouri's borrowing statute prohibits the bringing of actions barred by the laws of the state in which the action originated. Thus plaintiff's remaining claims are time-barred.
The Court notes that, in any event, the sales representative agreement quoted above would preclude plaintiff's claims as a beneficiary. See Capital Cities/ABC, Inc. v. Ratcliff, 141 F.3d 1405 (10th Cir.1998) (agency agreements foreclosed newspaper carriers' action for entitlement to benefits under newspaper's ERISA plans, where under agreements, carriers and newspapers mutually agreed that carriers would not be treated as employees).
Accordingly,
IT IS HEREBY ORDERED that defendants' December 29, 1997 motion to dismiss certain claims is granted.
IT IS FURTHER ORDERED that defendants' July 23, 1998 motion to dismiss certain claims is granted.

JUDGMENT
Pursuant to the Memorandum and Order filed herein this day,
IT IS HEREBY ORDERED, ADJUDGED and DECREED that plaintiff's complaint is dismissed.