**MUTUAL, BEN. HEALTH & ACCIDENT ASS'N v. WARRELL.**

No. 11002.

Circuit Court of Appeals, Eighth Circuit.

April 29, 1938.

Rehearing Denied May 19, 1938.

Thomas B. Pryor, Jr., of Fort Smith, Ark. (Thomas B. Pryor, of Fort Smith, Ark., on the brief), for appellant.

Charles I. Evans, of Booneville, Ark. (Jeptha A. Evans, of Booneville, Ark., on the brief), for appellee.

Before STONE, GARDNER, and WOODROUGH, Circuit Judges.

STONE, Circuit Judge.

This is an action by assured on the accident disability clauses of a life insurance contract. From a judgment entered on verdict the association brings this appeal.

The appellant does not seriously challenge here the sufficiency of the evidence to justify submission of the case to the jury as to the existence of total disability under the policy. The errors of which complaint is made have to do with a release, with the bar of limitations, and with the refusal of the court to transfer the cause to the equity docket.

### I. The Release.

About five months after the disability occurred appellee signed a release in return for the payment· to him of $396.66, which represented total disability for approximately two months and partial disability for approximately three· months. This release was pleaded in the answer. To that answer a replication was filed alleging that the signature of appellee to the release was obtained by fraud under the representation to him and the belief by him that he was signing only a receipt. Just before the trial appellant filed what it denominates as "Answer to Plaintiff's Replication" wherein, besides generally denying the new matter in the replication, the answer alleged: "Further answering, defendant states that plaintiff was in full possession of all knowledge and information pertaining thereto since the execution of the release, and this defendant pleads the statute of limitations and laches on the part of the plaintiff as a bar to any right to recovery herein."

The position taken here is that, because of a delay of several years in bringing· this action after appellee had been informed that the paper he had signed was a release, and because of failure to return or offer to return the above amount, appellee had ratified the release and was bound thereby.

While appellant does not pass over the matter in the brief, yet it does not very seriously press the point that there was not sufficient evidence to submit to the jury that the release had been procured by the·fraud pleaded. The evidence was sufficient upon that matter.

As to·the issue presented here by appellant that the release was ratified, appellee contends that no such issue was covered by the pleadings or the evidence. This contention of appellee is well founded. The only issues raised by appellant in answer to the fraud pleaded to avoid the release are those of the statute of limitations and laches—the statute of limitations as well as a limitation contained in the policy having been pleaded in the amended answer.

While the main matter stressed here in connection with the release has to do with ratification, appellant does not entirely neglect the matter of laches although treating it in a rather subsidiary and minor way. Assuming that the defense of laches to action concerning this release could be an issue here, yet the evidence contains no basis for such a claim. It is true that more than six years elapsed from the time appellee learned that the paper he signed was a release and not a receipt and until the date this action was filed. However, the undisputed evidence shows that practically during this entire time he had the matter of recovery upon this policy in the hands of various attorneys and that his delay was caused by their actions rather than his own. The issues here in reference to the ratification and laches should be determined in favor of appellee.

In the brief appellant has a separate heading entitled "Instructions," wherein it attacks various rejections of requests to charge. Each of these requests had to do with the issue of ratification. That issue was not presented by the pleadings and not properly submissible to the jury. Therefore, the requests were properly denied.

## II. Limitations.

The court confined the recovery to five years before this action was brought in accordance with the state statute of limitations on such actions. Appellant here contends that any recovery should have been limited to two years before the bringing of the action. This is based upon a provision of the policy reading: "No action at law or in equity shall be brought to recover on this policy prior to the expiration of sixty days after proof of loss has been filed in accordance with the requirements of this policy, nor shall such action be brought at all unless brought within two years from the expiration of the time within which proof of loss is required by the policy."

This contention is met by section 6153, Crawford & Moses' Dig.Ark., which provides as follows: "Limitation of actions. Hereafter an action may be maintained in any of the courts of this State to recover on any claim or loss arising on a policy of insurance on property or life against the company issuing any such policy, or the sureties on the bond required by the laws of this State as a condition precedent to its right to do business in this State, at any time within the period prescribed by law for bringing actions on promises in writing; and any stipulation or provision in any such policy of insurance requiring such action to be brought within any shorter time or be barred shall be and the same is hereby declared to be void."

Appellant does not contend that this section would not nullify the provision in the policy if the section is applicable to this character of insurance. Its contention is that the statute is confined to policies of insurance "on property or life," and that disability clauses such as here involved are neither property nor life within the meaning of the statute. This contention seems to be disposed of by section 5975e, Castle Supplement to Crawford & Moses' Digest for 1927, which is as follows: "All the provisions of the laws of this State applicable to life, fire, marine, inland, lightning or tornado companies, shall, so far as the same are applicable, govern and apply to all insurance companies transacting any other kind of business in this State, so far as they are not in conflict with provisions of law made specially applicable thereto."

Also, the matter seems disposed of by the cases of Continental Casualty Co. v. Toler, 188 Ark. 139, 64 S.W.2d 322, and Ætna Life Ins. Co. v. Langston, 189 Ark. 1067, 76 S.W.2d 50. Also see Pacific Mutual Life Ins. Co. v. Jordan, 190 Ark. 941, 82 S.W.2d 250.

## III. Transfer to Equity Docket.

Prior to the trial, appellant filed a motion to transfer the cause to the equity docket on the grounds: "That plaintiff in his replication to the defendant's answer alleges grounds in avoidance of the release pleaded by defendant which are cognizable in a court of equity alone and not in a court of law."

This motion was equivalent to a request to transfer to the equity docket on the ground that the replication raised the issue of fraud in procurement of the release pleaded in the answer. When the case was called for trial and a few minutes after appellant had filed its "Answer to Plaintiff's Replication," appellant orally moved as follows:

"Mr. Pryor: At this time there have been pleadings filed within the last few minutes in this case, and we would like

to renew our motion to transfer the cause to the equity docket."

At that time and in connection with this oral motion, the following occurred:

"The Court: What are the pleadings?

"Mr. Evans: If the Court please, they filed an amended answer the twenty-fifth of May. The case was set for trial, and this is merely a denial of the affirmative matters set up. It is substantially word for word what is set up in the replication to the original answer.

"Mr. Pryor: That is true, if the Court please. We simply make the motion.

"The Court: Your motion will be overruled, and you may have your exception.

"Mr. Pryor: All right."

■ In the above state of the record, it may be taken that the ground for the first motion was fraud in procurement of the release, and in the second motion laches and the statute of limitations. The issue of fraud here was whether plaintiff had been induced, by fraud, to sign a paper which he was led to suppose and believed to be a receipt but which was really a release. Such an issue of fraud —relating to the execution of the paper —is triable at law,[1] therefore, no error here in denying transfer to the equity side of the court.

■ The issue of laches is an equitable defense and there might be more basis on that ground. However, the colloquy between the court and counsel, above quoted, seems to dispose of this matter. Obviously, the court did not have in mind the entire pleadings in relation to the oral motion just made. In this situation he appealed to counsel who affirmatively agreed that the pleading just filed and upon which the oral motion was based presented "merely a denial of the affirmative matters set up" by appellee in his pleadings. While counsel were doubtless sincere in these statements to the court, they were incorrect and as a result of such statements the court was misled. In such a situation it would be a travesty to reverse the case for an error, even if it be an error, thus invited by counsel on both sides.

The judgment should be and is affirmed.

WOODROUGH, Circuit Judge, concurs in the result.

---

[1] It is the long and firmly established rule in the national courts that issues of fraud, having to do with the execution of an instrument which the signer was led to believe was something else, are triable at law while issues of fraud having to do with inducing execution of what the signer knew to be a release are triable in equity. That fraud issues as to execution of the paper as a release are triable in law actions to a jury has been repeatedly announced by the Supreme Court (George v. Tate, 102 U.S. 564, 570, 26 L.Ed. 232; Hartshorn v. Day, 19 How. 211, 222, 223, 15 L.Ed. 605), by this court (Mardis v. Miller, 8 Cir., 241 F. 470, 472; Union Pac. R. Co. v. Whitney, 8 Cir., 198 F. 784, 788; Pacific Mut. Life Ins. Co. v. Webb, 8 Cir., 157 F. 155, 156-158, 160, 161, 13 Ann.Cas. 752; Great Northern Ry. Co. v. Kasischke, 8 Cir., 104 F. 440, 448), and by other Courts of Appeals. Some of such cases are: Penn Mutual Life Ins. Co. v. Ashton, 10 Cir., 93 F.2d 565; Clarke v. Order of United Commercial Travelers, 5 Cir., 79 F.2d 564, 565; Raytheon Mfg. Co. v. Radio Corporation of America, 1 Cir., 76 F.2d 943, 947, affirmed 296 U.S. 459, 56 S.Ct. 297, 80 L.Ed. 327; S. A. Lynch Enterprise Finance Corporation v. Dulion, 5 Cir., 45 F.2d 6, 10; Holbrook, Cabot & Rollins Corporation v. Sperling, 2 Cir., 239 F. 715, 716; Southern Ry. Co. v. Clark, 6 Cir., 233 F. 900, 905; Simpson v. Pennsylvania R. Co., 3 Cir., 159 F. 423, 424.