Joyce Cook FERGUSON, Executrix of the Estate of Carter
Ware Ferguson *v.* The ORDER OF UNITED
COMMERCIAL TRAVELERS OF AMERICA

91-87                                                    821 S.W.2d 30

Supreme Court of Arkansas
Opinion delivered December 23, 1991

453

*George Bailey*, for appellant.

*Huckabay, Munson, Rowlett & Tilley, P.A.*, by: *John E. Moore* and *Valerie Denton* for appellee.

ROBERT H. DUDLEY, Justice. The plaintiff, in her capacity as personal representative, filed suit against the defendant, a fraternal benefit society, for the proceeds of a life insurance policy on the decedent. The trial court ruled that the suit was not brought within the contractual period of limitation and granted summary judgment. The plaintiff appealed to the court of appeals. In an unpublished opinion issued on April 3, 1991, a division of three judges reversed the judgment of the trial court. The defendant insurance carrier petitioned for rehearing and, upon a hearing by the full court, three of the judges voted to deny rehearing. It takes a majority of the court to grant rehearing, *see* Ark. Code Ann. § 16-12-114 (1987), so rehearing was denied on the three-to-three vote. *See Ferguson* v. *The Order of United Commercial Travelers of America*, 35 Ark. App. 100, 811 S.W.2d 768 (1991).

We have traditionally granted certiorari for the review of tie-vote court of appeals' decisions that affirm a judgment of the trial court. This was the first case in which we were asked to grant certiorari because of a tie vote denying rehearing. We concluded that the same policy should be applicable in both situations and granted certiorari. On the merits of the case, we

affirm the ruling of the trial court granting summary judgment.

This case concerns the applicable limitation period for filing suit on a fraternal benefit society insurance contract. The trial court had before it the pleadings, the insurance contract, and other documents. These materials established the following facts. Plaintiff-appellant, Joyce Cook Ferguson, is the widow of Carter Ware Ferguson, the executrix of his estate and the beneficiary of a policy of accident insurance on the life of Carter Ware Ferguson. The policy was issued by appellee, the Order of United Commercial Travelers of America (UCT). UCT is an incorporated fraternal benefit society. Fraternal benefit societies are treated, in part, separately from other types of insurance companies. See Ark. Code Ann. §§ 23-74-102, -103 (1987). The policy provided for the payment of $20,000.00 to the beneficiary in the event of Mr. Ferguson's accidental death. He sustained injuries in an automobile accident in November 1983 which were the alleged cause of his death on February 4, 1984. On February 27, 1984, the plaintiff provided to UCT proofs of loss in accordance with the terms of the policy. On June 28, 1984, UCT denied the claim, asserting that the cause of death was not the accident. The plaintiff did not file suit until February 2, 1989, or more than three years after the proof of loss was required. The policy contained the following provision: "No action at law or equity . . . shall be brought after the expiration of three years after the time written proof of loss is required to be furnished."

UCT moved for summary judgment because the plaintiff's cause of action was not filed within the above quoted contractual limitation period. The trial court granted the motion. On appeal, the plaintiff argues that summary judgment for UCT was in error for either of two reasons: (1) UCT waived the contractual limitation period, or (2) there was an ambiguity in the contract as to whether the contractual period or a longer statutory limitation period should be applied.

██ The plaintiff argues that, in the "Additional Provisions" section of the policy, UCT expressly waived the contractual three-year limitation. "Additional Provision 4" states: "Any provision of this certificate which, on its effective date, is in conflict with the statutes of the state in which the member resides on such date, is hereby amended to conform to the minimum

requirements of such statutes." Plaintiff concludes that, because of this additional provision, the contractual limitation period must be made to conform with the five-year statute of limitations for actions on writings under seal. *See* Ark. Code Ann. § 16-56-111(b) (1987). If the five-year statute of limitations was the minimum requirement for fraternal benefit societies the argument might have merit, but that is not the case. Ark. Code Ann. § 23-74-121(c)(1) (1987), a statute applicable to fraternal benefit societies at the time this suit arose, provided that no life benefit certificate could be issued by a society with a limitation of action period of less than two (2) years. Because the contractual limitation period contained in the policy did not conflict with the minimum requirement of Arkansas law, there was no need to amend the contractual period. Thus, there is no express waiver of the contractual three-year limitation by the "Additional Provision" of the policy.

■ The plaintiff relies upon cases from other jurisdictions in support of her waiver argument. However, those cases are not applicable. They involve implied waiver and illustrate the general rule that:

> While a company may insert a contractual period shorter than the statutory period of limitations, it cannot avail itself of such provision if it has deceived the insured into believing that the provision would be waived. Thus, if a delay in instituting suit is due to the fault of the insurer, the action is not barred.

20A J.A. & J. Appleman, Insurance Law and Practice § 11639 (rev. vol. 1980). In the present case, there is no indication that UCT did anything to cause the plaintiff to delay or to prevent her from bringing her action within the contractual period. Thus, UCT neither expressly nor impliedly waived the three-year limitation.

■ The plaintiff's next point of appeal is that the quoted contractual limitation period and the quoted "Additional Provisions" paragraph together create an ambiguity as to whether the contractual limitation or the statutory limitation should apply. This argument also is without merit. The mere fact that the contractual limitation is shorter than a general statutory limitation does not create an ambiguity. It has long been the rule in

Arkansas that parties are free to contract for a limitation period which is shorter than that prescribed by the applicable statute of limitations, so long as the stipulated time is not unreasonably short and the agreement does not contravene some statutory requirement or rule based upon public policy. *City of Hot Springs v. Nat'l Surety Co.*, 258 Ark. 1009, 531 S.W.2d 8 (1975). Because the three-year contractual limitation is longer than the minimum two-year period of Ark. Code Ann. § 24-73-121(c)(1), it is not per se unreasonable.

■ In addition, it is not unreasonable under our case law. We have said that:

> A period of time so short as to amount to an abrogation of the right of action would be unreasonable. But it is implicit in the decisions on the subject that the stipulated period is not unreasonable if the time allowed affords a plaintiff sufficient opportunity to investigate his claim and prepare for the controversy. [Citations omitted.]

*City of Hot Springs v. Nat'l Surety Co.*, 258 Ark. at 1013, 531 S.W.2d at 10. In that case, we approved a two-year limitation period in a surety bond contract. Moreover, in *Insurance Co. v. Brodie*, 52 Ark. 11, 11 S.W. 1016 (1889), we approved a six-month contractual limitation of action in an insurance policy. The three-year period in the present case gave appellant sufficient opportunity to investigate her claim and prepare her case against the insurance company. The record contains no explanation for her delay. Because the contractual limitation is reasonable, the statutory limitation does not prevail.

■ Summary judgment is an extreme remedy which should be allowed only when there is no issue of fact to be litigated. *Culpepper v. Smith*, 302 Ark. 558, 792 S.W.2d 293 (1990). In the present case, the contractual period of three (3) years is clearly applicable. There is no dispute that appellant did not file her action on the certificate within three (3) years of the time that proof of loss was required to be furnished to appellee. Because her action was not filed within the applicable limitation period, it is barred, and there remains no issue of fact to be decided.

The decision of the court of appeals is reversed, and the trial

court's ruling is affirmed.