Benny HAWKINS and Claudia Hawkins *v.* HERITAGE LIFE INSURANCE COMPANY

CA 98-45 973 S.W.2d 823

Court of Appeals of Arkansas
Division III
Opinion delivered September 9, 1998

*Ponder & Jarboe*, by: *Dick Jarboe*, for appellants.

*Wood & Lockhart, PLC*, by: *W. Kirby Lockhart*, for appellee.

JOHN F. STROUD, JR., Judge. This insurance case is before us on a second appeal from circuit court. The appeals arose from the trial court's granting two separate motions for summary judgment in favor of appellee, Heritage Life Insurance Company. Appellants are Benny and Claudia Hawkins, whose son Dwayne Hawkins collapsed while playing football for Pocahontas High School on November 4, 1988, was hospitalized, and died approximately one month later. He was insured under an interscholastic activities rider to the school's blanket accident policy, which had been issued by appellee. Appellants filed a claim for the policy's $25,000 maximum medical expense benefit. Appellee denied coverage on the grounds that the death was not "accident-related."

On October 4, 1993, appellants filed suit against appellee, seeking medical benefits plus a twelve-percent penalty, interest, and attorney's fees. On June 4, 1996, the trial court granted appellee's motion for summary judgment on the basis that appellants had failed to demonstrate a compensable "injury" as defined by the policy. The trial court also found that appellants had failed to establish that a sudden burst of physical activity or contact proximately caused Dwayne's collapse. Appellants appealed the summary judgment, and we reversed and remanded for trial in *Hawkins v. Heritage Life Ins. Co.*, 57 Ark. App. 261, 946 S.W.2d 185 (1997).

Following the remand to circuit court, appellee filed a second motion for summary judgment, asserting that appellants failed to file their complaint within the contractual limitation period of three years. The circuit court granted the motion and dismissed

appellants' complaint with prejudice. Appellants appeal the trial court's granting of summary judgment, contending that the five-year statute of limitation for actions on writings under seal applied to their action rather than the three-year contractual limitation contained in the policy. They argue that appellee waived the three-year limitation set out in the policy, and that the policy is ambiguous with respect to the time period for filing suit. We affirm.

 In the first appeal of this case, we set forth the well-settled standard of review in summary-judgment cases. Summary judgment is an extreme remedy that should only be allowed when it is clear that there is no genuine issue of material fact to be litigated. *Id.* The burden of sustaining a motion for summary judgment is on the moving party, and, on appeal, we must view the evidence in the light most favorable to the nonmoving party. *Id.* It is our task to decide if the granting of summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion left a material question of fact unanswered. *Id.*

The accident policy that is the subject of this appeal includes the following provisions:

> LEGAL ACTION: . . . . No such action may be brought after three years from the time written proof was required to be given.
>
> CONFORMITY WITH STATE STATUTES: If, on the Effective Date, any provision of this contract is in conflict with the laws of the state in which the Insured Person resides on that date it will be considered to conform to the minimum requirements of those laws.

Appellants' first argument is that by virtue of the "conformity" provision, appellee has agreed to the statutory five-year limitation on written contracts imposed by Arkansas Code Annotated section 16-56-111(b) (1991) and has waived the contractual three-year limitation. Therefore, appellants contend that the trial court erred when it gave effect to the contractual limitation. We do not agree.

Relying upon *Ferguson v. United Commercial Travelers of America*, 307 Ark. 452, 821 S.W.2d 30 (1991), appellant proposes that parties in Arkansas are not free to contract for a limitation period shorter than that required by the applicable statute of limitations. In *Ferguson*, a trial court had granted summary judgment because suit had not been brought within the contractual three-year period of limitation; the *Ferguson* appellant argued on appeal that the ruling was in error because the insurer had waived the contractual limitation period and was subject to our five-year statute of limitations for actions for writings under seal pursuant to Arkansas Code Annotated section 23-74-11(b) (1987).

█ A life insurance policy issued by a fraternal organization in *Ferguson* was identical in part to the policy we now consider: it specified that legal action was subject to a three-year limitation period, and that any provisions in conflict with applicable state statutes would be amended to conform with the minimum statutory requirements. The *Ferguson* court addressed the issue of conflicts between statutory and contractual statutes of limitations as follows:

> It has long been the rule in Arkansas that parties are free to contract for a limitation period which is shorter than that prescribed by the applicable statute of limitations, so long as the stipulated time is not unreasonably short and the agreement does not contravene some statutory requirement or rule based upon public policy.

307 Ark. 452, 455, 821 S.W.2d 30, 32.

A statute applicable at the time the *Ferguson* suit arose provided that no life benefit certificate issued by a fraternal benefit society could have a limitation period of less than two years. The supreme court ruled that because the shorter three-year contractual limitation period of the policy did not conflict with the minimum two-year requirement of Arkansas law governing fraternal organizations, the provision for conformity with minimum requirements of state statutes did not expressly waive the contractual three-year limitation period and there was no need to amend the contractual limitation period.

In the case at bar, the insurance company is not a fraternal benefit society and consequently the general five-year Arkansas statute of limitations applies. Appellant concludes that appellee has expressly waived the limitation period of five years by providing that provisions of the policy in conflict with our state laws will be considered to conform to our minimum statutory requirements. That argument, however, misses the point. Arkansas Code Annotated section 16-56-111(b) establishes a maximum, not a minimum. *See East Poinsett Co. School v. Union Standard,* 304 Ark. 32, 800 S.W.2d 415 (1990).

■ Arkansas Code Annotated section 16-56-111(b) (1987) provides that actions on writings under seal shall be commenced within five years after the cause of action shall accrue, and not afterward. We think that the law enunciated in *Ferguson* is that in the absence of a provision otherwise, there is a five-year limitation to bring actions on writings under seal. But clearly, parties in Arkansas have the right to contract for something less than the statutory five-year limitation period as long as the lesser filing period is reasonable. Here, appellants have not shown that the contractual limitation was unreasonable or in contravention of public policy.

■ Appellant's second argument is that the insurance policy is ambiguous with respect to whether the five-year statutory limitation or the three-year contractual limitation should apply. An identical argument was rejected by the *Ferguson* court, which stated that "the mere fact that the contractual limitation is shorter than a general statutory limitation does not create an ambiguity." 307 Ark. 452, 455, 821 S.W.2d 30, 32.

In summary, there is no merit to appellants' arguments that an insurance policy's provision for conformity with state statutes 1) waives shorter contractual limitations, or 2) creates ambiguity. Appellants have presented no evidence that the three-year limitation of the policy is unreasonably short, or that it contravenes a statutory requirement or rule based upon public policy. Therefore, we affirm.

Affirmed.

ROBBINS, C.J., and ROAF, J., agree.