# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2787

No. 01-3161

_____

| | | |
|---|---|---|
| Pamela Wilkins, | * | |
| | * | |
| Plaintiff - Appellee/ | * | |
| Cross Appellant, | * | |
| | * | Appeals from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Hartford Life and Accident | * | |
| Insurance Company, | * | |
| | * | |
| Defendant - Appellant/ | * | |
| Cross Appellee. | * | |

_____

Submitted: April 18, 2002

Filed: August 14, 2002

_____

Before WOLLMAN, BEAM and LOKEN, Circuit Judges.

_____

LOKEN, Circuit Judge.

Pamela Wilkins terminated her employ as a Wal-Mart Stores supervisor and applied for disability benefits under a group disability plan covering Wal-Mart employees (the "Plan"). The Plan grants its administrator, Hartford Life and Accident Insurance Company, "full discretion" to determine eligibility for benefits. Hartford initially granted Mrs. Wilkins weekly benefits but then denied her claim for long-term

benefits. Nearly five years later, Mrs. Wilkins commenced this action for review of the benefits denial, a cause of action governed by ERISA. See 29 U.S.C. § 1132(a)(1)(B). Ruling on the parties' cross motions for summary judgment, the district court awarded Mrs. Wilkins long term disability benefits, concluding Hartford had abused its discretion in finding her not totally disabled by chronic fatigue syndrome (CFS) and fibromyalgia. Hartford appeals the award of benefits, and Mrs. Wilkins cross-appeals the district court's denial of prejudgment interest and a twelve percent penalty under state law. We conclude that Mrs. Wilkins's suit is barred by the three-year contractual limitations period in the Plan. Therefore, we reverse.

## I. Background.

Mrs. Wilkins applied for disability benefits when she left Wal-Mart on September 21, 1994. In support of her claim, she submitted an Attending Physician Statement by her treating physician, Dr. Paul Thompson, diagnosing CFS and opining that Mrs. Wilkins could not perform her own job but was expected to recover sufficiently to perform her job by December 22, 1994. Dr. Thompson stated that Mrs. Wilkins had a "Class 4-Moderate limitation of functional capacity, capable of clerical/administrative (sedentary) activity." Hartford promptly granted short-term weekly disability benefits, without referring the claim for internal review by a medical professional.

In mid-December, Dr. Thompson's office informed Hartford that Mrs. Wilkins's condition had not improved and revised her estimated return-to-work date to January 15, 1995. In January 1995, Hartford was told that Mrs. Wilkins was still suffering from CFS, was "incapable of any physical exertion," and had applied for permanent disability benefits. Under the Plan, Mrs. Wilkins was eligible for twelve months of long-term disability benefits if she was "prevented by . . . sickness . . . from performing the essential duties of [her] occupation," and for continuing benefits after

one year if she was "prevented from performing the essential duties of any occupation for which [she was] qualified by education, training or experience."

Now presented with a long-term claim, Hartford referred the claim to one of its case management nurses, who sent a lengthy questionnaire to Dr. Thompson. Dr. Thompson was slow to reply, and his response did not satisfy Hartford that his diagnosis of CFS had been adequately supported by clinical efforts to exclude other possible causes of Mrs. Wilkins's condition. Hartford concluded that the proof of disability was insufficient, terminated the weekly disability benefits, and advised Mrs. Wilkins by letter dated March 7, 1995 that her claim for long-term disability benefits had been denied.

Mrs. Wilkins appealed the denial of benefits, submitting additional medical records and a letter from Dr. Thompson stating that Mrs. Wilkins "feels that she is getting steadily worse" and "[b]y exclusion, I suspect that she does have the chronic fatigue syndrome with fibromyalgia." Hartford denied the appeal by letter dated May 5, 1995. Mrs. Wilkins then submitted two additional appeals which were again evaluated by internal Hartford health care professionals and were denied by letters dated June 7, 1995, and April 11, 1996. More than three years after the denial of her third administrative appeal, Mrs. Wilkins filed this lawsuit.[1] Though Hartford only

---

[1]Chronic fatigue syndrome is difficult for physicians to diagnose and treat, and apparently it is not always totally disabling. Thus, claims based upon CFS pose significant problems for disability plan administrators. The record in this case is not unlike that in Mitchell v. Eastman Kodak Co., 113 F.3d 433, 441-43 (3d Cir. 1997), where the Third Circuit concluded an ERISA plan administrator abused its discretion in denying benefits. Here, the reasons given by Hartford personnel for denying the claim are much like the reasons criticized by the court in Mitchell, primarily the lack of "objective medical evidence" of CFS. On the other hand, the claimant's physician in Mitchell submitted far better support for the claim of disabling CFS than Dr. Thompson submitted to Hartford on Mrs. Wilkins's behalf. Thus, were her claim not time-barred, this would be a close case on the merits.

considered whether Mrs. Wilkins was entitled to twelve months of disability benefits because she could not perform the essential duties of her former job, the district court granted benefits to the date of its judgment in mid-2001, a period requiring proof that she was unable to perform any job for which she was qualified.

## II. Is the Claim Time-Barred?

In the district court, Hartford moved for summary judgment on alternative grounds, arguing it did not abuse its discretion in denying Mrs. Wilkins's claim, and that the claim is barred "under the Plan's terms and any applicable statute of limitation." In its supporting memorandum, Hartford cited Arkansas cases upholding reasonable contractual limitations periods. See Ferguson v. Order of United Commercial Travelers of Am., 821 S.W.2d 30 (Ark. 1991) (enforcing three-year limitations period in life insurance policy); Hawkins v. Heritage Life Ins. Co., 973 S.W.2d 823 (Ark. App. 1998) (enforcing three-year period in accident policy). In response, Mrs. Wilkins did not address the contractual limitations issue, arguing only that her claim is governed by § 16-56-111(a) of the Arkansas Code (actions to enforce written contracts shall be commenced within five years after they accrue). In granting summary judgment in favor of Mrs. Wilkins, the district court did not discuss the limitations issue.

On appeal, Hartford renews its contention the claim is time-barred. Again failing to address the contractual limitations issue, Mrs. Wilkins argues that Hartford failed to preserve the issue for appeal because the district court did not rule on it. We disagree. See Hegg v. United States, 817 F.2d 1328, 1330 n.2 (8th Cir. 1987). Hartford raised the issue in the district court, cited relevant Arkansas authority, and presented sufficient facts to permit its resolution at the summary judgment stage of the proceedings. Hartford was not to blame when the district court inexplicably failed to address the issue. In these circumstances, we decline to *require* the losing party

to file a motion to reconsider in order to preserve an issue for appeal. Such motions are frequently a futile waste of time for both the parties and the trial court.

Turning to the merits of the contractual limitations issue, Hartford relies upon the following Plan provision:

> Legal action cannot be taken against The Hartford . . . after the shortest period allowed by the laws of the state where the policy is delivered. This is 3 years after the time written proof of loss is required to be furnished according to the terms of the policy.

This provision appears on page 21 of Hartford's group insurance policy, above a policy notice that unresolved questions regarding the Plan be brought to the attention of the Arkansas Insurance Department. This suggests that the contractual limitations provision (and perhaps the entire policy) was prepared for Wal-Mart, an Arkansas policyholder, with Arkansas law in mind.

We agree with Mrs. Wilkins that her ERISA benefits claim is an action based on a written contract governed by the five year statute of limitations found in § 16-56-111(a). See Bennett v. Federated Mut. Ins. Co., 141 F.3d 837, 838 (8th Cir. 1998). But the statute "establishes a maximum, not a minimum" period. Hawkins, 973 S.W.2d at 826. Parties in Arkansas "are free to contract for a limitation period which is shorter than that prescribed by the applicable statute of limitations, so long as the stipulated time is not unreasonably short." Ferguson, 821 S.W.2d at 32. Thus, when the Plan adopts "the shortest period *allowed* by the laws of the state" and then defines that period as "3 years after the time written proof of loss is required to be furnished," the three-year contractual limitations period is enforceable under Arkansas law so long as it "is not unreasonably short." Both Hawkins and Ferguson held that a three-year limitation in an insurance policy is not unreasonable. Thus, as in Duchek v. Blue Cross & Blue Shield of Neb., 153 F.3d 648, 650 (8th Cir. 1998), the Plan's

contractual limitations period is enforceable under applicable state law, and we need not consider whether federal common law under ERISA should be applied if such a plan provision is unenforceable under state law.

Applying the Plan's three-year contractual provision, it is clear that Mrs. Wilkins's claim is time-barred. The Plan provides that the three years starts to run when "written proof of loss is required to be furnished." When an ERISA claim is governed by a state statute of limitations, the cause of action accrues, for limitations purposes, when the plan administrator formally denies the claim for benefits, unless there was a "repudiation by the fiduciary which is clear and made known to the beneficiary." Bennett, 141 F.3d at 839. Here, there was no pre-denial repudiation by Hartford. But even if the three-year limitations period was therefore equitably tolled until Mrs. Wilkins's claim was denied, Hartford denied the claim by letter dated March 7, 1995, so her November 1999 complaint was filed substantially out of time.

Given our decision that Mrs. Wilkins's ERISA claim is time-barred, Hartford's appeal of the district court's award of attorney's fees, and Mrs. Wilkins's appeal of the court's denial of prejudgment interest and a twelve percent penalty, are moot. The judgment of the district court is reversed, and the case is remanded with directions to dismiss the complaint. Appellant's motion to supplement the record is granted.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.