# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1499

_____

| | | |
|---|---|---|
| Julie Collins, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Arkansas. |
| | * | |
| Continental Casualty Company, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: November 7, 2003

Filed: January 23, 2004

_____

Before BYE, BOWMAN and MELLOY, Circuit Judges.

_____

PER CURIAM.

Julie Collins appeals the district court's judgment affirming Continental Casualty Company's (Continental's) denial of long-term disability benefits. We reverse.

Collins was an investment representative for Edward Jones. In 2000, she began seeking treatment for hip pain she said began in 1999, which she reported had developed into whole body pain. In March 2001, Collins sought long-term disability benefits under a group disability plan governed by the Employee Retirement Income Security Act of 1974, contending that she was unable to perform her job due to total

disability. Supporting her benefits claim were records of treatment by numerous physicians, test results, and physicians' statements.

In October 2001, Edward Jones's insurer, Continental, denied Collins benefits through its plan administrator, CNA Insurance Company (plan administrator). The plan administrator noted Collins had been treated since 1999 for multiple complaints of pain and weakness, but she had continued to work until March 2001 despite those complaints, and "physical examinations of [her] treatments were essentially normal." Thus, while the plan administrator did not dispute "that a condition exist[ed]," it concluded the medical evidence did not support that Collins was continuously unable to work, or that she was precluded from performing the material and substantial duties of her job.

Collins administratively appealed the decision, and the plan administrator again denied benefits. The plan administrator noted it had "considered the reported symptoms and to what extent the findings on physical examination and testing results confirm[ed] [Collins's] symptoms," and how the findings would impact Collins's ability to function and work. It concluded the test results and clinical examinations were not commensurate with the physical-examination findings, the test results did not "establish a basis for [Collins's] self-reported impairments," and there was an absence of medical findings to support Collins's claim that she was unable to work. As for the treating doctors' physical-examination findings, the plan administrator concluded they "var[ied] between medical providers," and thus Collins's self-reported symptoms were "not supported by any clinical testing and/or findings on physical examination." The plan administrator stated it also relied on an independent medical reviewer's opinion that the evidence did not support Collins's inability to perform her job.

Collins then filed this action, seeking an award of past and current benefits. In a summary one-page judgment, the district court found substantial evidence

supported the denial of benefits, and thus concluded the plan administrator had not abused its discretion.

The plan administrator's denial of benefits was subject to abuse-of-discretion review by the district court, because the benefits plan gave the plan administrator discretion to determine Collins's eligibility.[1]  See Delta Family-Care Disability & Survivorship Plan v. Marshall, 258 F.3d 834, 840 (8th Cir. 2001), cert. denied, 534 U.S. 1162 (2002).  If the plan administrator's decision was supported by substantial evidence, that is, by a reasonable explanation, then it was not an abuse of discretion. See id. at 841.  The reasonableness of the plan administrator's decision is determined by both the quantity and quality of the supporting evidence.  See id. at 842.

The plan administrator's decision is troubling in numerous respects.  First, the plan administrator's decision relied heavily on the fact that Collins's self-reported symptoms were not supported by clinical testing.  Here, while testing revealed mild degenerative change in Collins's spine, further testing could not explain the extent of her symptoms.  However, a plan administrator may not deny benefits simply because a claimant cannot provide a diagnosis that would explain her self-reported symptoms. See Mitchell v. Eastman Kodak Co., 113 F.3d 433, 442-43 (3d Cir. 1997) (where plan administrator denied benefits because claimant could not establish etiology of chronic fatigue that disabled him, concluding plan administrator had impermissibly implied additional "clinical evidence of etiology" requirement not specified in plan); Wilkins v. Hartford Life & Accident Ins. Co., 299 F.3d 945, 947 n.1 (8th Cir. 2002) (noting that if claim were not time-barred, case similar to Mitchell would have been close on merits).

---

[1]Although Collins contends that Continental's medical reviewer had a conflict of interest, the record does not support this allegation, so we conclude the less deferential standard enunciated in Woo v. Deluxe Corp., 144 F.3d 1157, 1161-62 (8th Cir. 1998), does not apply.

Second, the plan administrator's decision does not indicate that the plan administrator assessed Collins's credibility with respect to her self-reported symptoms of chronic and disabling pain, which limited her abilities to perform the simplest of tasks. Cf. Delta Family-Care Disability & Survivorship Plan, 258 F.3d at 842-43 (plan administrator's denial of benefits was supported by, inter alia, surveillance report of claimant driving car and walking to mailbox without cane); Krizek v. Cigna Group Ins., 345 F.3d 91, 99, 101-02 (2d Cir. 2003) (court reviewing administrator's decision de novo may make credibility determinations about claimant's subjective reports of pain). Rather, it appears the plan administrator simply refused to consider her subjective complaints as legally sufficient evidence. However, a plan administrator may not deny benefits simply because the only evidence of a disabling condition is subjective evidence. See Krizek, 345 F.3d at 101-02; Connors v. Conn. Gen. Life Ins. Co., 272 F.3d 127, 136 (2d Cir. 2001) (subjective element of pain is important factor in determining disability; while court reviewing administrator's decision de novo is not required to accept such complaints as credible, court cannot dismiss complaints as legally insufficient evidence of disability).

Finally, the plan administrator relied on its conclusion that the physicians' objective physical-examination findings varied to such a degree that they did not support Collins's reports of disabling pain. This is not the case. While their observations and tentative diagnoses were not entirely consistent, a pain specialist, neurosurgeon, and rheumatologist all assessed muscle weakness and pain and, with a spine specialist, all agreed that Collins experienced symptoms to a degree that rendered her unable to work. Notably, while all treating physicians struggled with the proper diagnosis of Collins's symptoms, they suspected similar diagnoses, including degenerative disc disease, inflammatory disease, collagen vascular disease, fibromyalgia, and chronic pain syndrome of an unknown etiology. Further, the physicians' physical-examination findings, taken together, show that Collins experienced pain, tenderness, weakness, swelling, and spasming in various parts of

-4-

her body, which limited her motion and left her fatigued. Thus, we conclude the plan administrator erred in determining that the physicians' physical-examination findings varied to such an extent that they did not support Collins's reports of disabling pain. Cf. Norris v. Citibank, N.A. Disability Plan, 308 F.3d 880, 885 (8th Cir. 2002) (plan administrator erred in relying on equivocal statements by primary treating physician and neurologist's inability to identify cause of pain, when extensive medical evidence and consistent medical opinions indicated claimant could not work); Myers v. Hercules, Inc., 253 F.3d 761, 767 (4th Cir. 2001) (plan administrator erred in taking doctor's statements out of context and ignoring thrust of doctor's report, which was that claimant had chronic disabling back pain). Further, the opinion of Continental's medical reviewer, Dr. Truchelut--which concluded there was not "convincing evidence" that Collins could not perform her job, but which notably made no affirmative findings regarding Collins's ability to function--did not constitute substantial evidence that could discount the consistent opinions of Collins's treating physicians. Cf. Morgan v. UNUM Life Ins. Co. of Am., 346 F.3d 1173, 1178 (8th Cir. 2003) (reviewing physician's opinion was not substantial evidence where the opinion was contrary to opinions of two primary treating physicians, and record did not show reviewing physician had expertise or experience with disability at issue); Donaho v. FMC Corp., 74 F.3d 894, 901 (8th Cir. 1996) (plan administrator abused its discretion in relying on reviewing physician's opinion that was contradicted by opinion of one examining physician and two treating physicians), abrogated in part by Black & Decker Disability Plan v. Nord, 538 U.S. 822 (2003).

Our review of the record, moreover, convinces us that the evidence overwhelmingly supported finding Collins disabled. No doctor suggested Collins was malingering or was not experiencing the degree of disability she reported, and four doctors stated she was experiencing disabling symptoms to a degree that rendered her unable to perform her job. Cf. Norris, 308 F.3d at 885 (reversing termination of benefits where there was little, if any, record evidence from which reasonable person could find claimant not disabled); Myers, 253 F.3d at 767-68

(reversing termination of benefits where plan administrator misread some evidence and took other evidence out of context; reasonable reading of evidence did not support conclusion that claimant could work full time in sedentary job); <u>Lain v. UNUM Life Ins. Co. of Am.</u>, 279 F.3d 337, 347 (5th Cir. 2002) (reversing denial of benefits where record contained overwhelming amount of medical evidence supporting disability claim, and no concrete evidence supported determination that claimant was not disabled).  Also, the Physical Demands Analysis form completed by Edward Jones stated Collins must be able to sit for 5 hours at a time, stand for 2 hours at a time, and walk for 1 hour at a time, which the records reflect is clearly beyond her capability (and even Dr. Truchelut questioned her ability to meet the standing requirement).

We therefore conclude the plan administrator's decision was not supported by substantial evidence, and thus the plan administrator abused its discretion in denying Collins benefits.  Accordingly, we reverse, and the case is remanded with instructions that judgment be entered in Collins's favor.

_____