# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2070

_____

| | | |
|---|---|---|
| Kenneth Graham, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Hartford Life and Accident Insurance | * | Eastern District of Arkansas. |
| Company; Hartford Life Insurance | * | |
| Company, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: February 14, 2012
Filed: May 11, 2012

_____

Before LOKEN, BYE, and MELLOY, Circuit Judges.

_____

BYE, Circuit Judge.

Kenneth Graham suffered serious injuries to his eyes when a can of oven cleaner exploded in his face. Graham sued Hartford Life and Accident Insurance Company (Hartford) seeking coverage under his life insurance policy for accidental dismemberment benefits. The district court dismissed Graham's suit, concluding it was untimely because it was brought more than three years after the loss, outside the policy's time limitations for bringing legal actions against Hartford. Graham appeals arguing he brought suit within Arkansas's five-year statute of limitations for breach of contract actions, and Arkansas law provides "[a]ny stipulation or provision in [a

property or life insurance policy] requiring the action to be brought within any shorter time or be barred is void." Ark. Cod Ann. § 23-79-202(b). We reverse and remand for further proceedings.

I

On July 5, 2005, a can of Easy-Off oven cleaner exploded in Graham's face. The accident caused Graham to suffer permanent vision loss in both eyes. At the time of the accident, Graham was insured under an accidental death and dismemberment policy issued by Hartford. The policy provided life insurance in the event an accident resulted in Graham's death. The policy also provided for certain benefits if Graham suffered from dismemberment, which included loss of sight.

The policy required Graham to file a proof of loss within ninety days after the date of loss. The policy further provided "[y]ou cannot take legal action against us . . . after three years . . . following the date proof of loss is due." Graham filed a timely proof of loss with Hartford, but Hartford denied the claim. Graham then filed an appeal with Hartford, which was also denied.

On July 2, 2010, less than five years after his accident but outside the time period for filing legal actions as provided in the policy, Graham brought this breach of contract action against Hartford in federal district court. Hartford filed a motion for judgment on the pleadings arguing Graham failed to file the lawsuit within the time limits set forth in the policy. Graham claimed his suit was timely because it was filed within Arkansas's five-year statute of limitations for breach of contract actions. Graham further contended Hartford's attempt to shorten the limitations period in the policy was void pursuant to section 23-79-202 of the Arkansas Code, which governs property and life insurance policies. Subdivision (a) of the statute provides an action on a property or life insurance policy may be brought "at any time within the period prescribed by law for bringing actions on promises in writing." Subdivision (b) of the

statute further states "[a]ny stipulation or provision in the policy or contract requiring the action to be brought within any shorter time or be barred is void."

Notwithstanding the provisions of section 23-79-202(b), the district court granted Hartford's judgment on the pleadings. The district court relied on several Arkansas cases which generally allow insurance companies to contract for a shorter limitations period than the period provided by the applicable statute of limitations, as long as the period is reasonable. The district court also denied Graham's request to certify the issue to the Arkansas Supreme Court. Graham filed a timely appeal.

II

"We review de novo the district court's entry of judgment on the pleadings." Waldron v. Boeing Co., 388 F.3d 591, 593 (8th Cir. 2004).

The district court correctly recognized that Arkansas law generally permits insurance companies to contract for a shorter period of time within which policyholders may sue than the maximum period allowed by the state's applicable statute of limitations, so long as the period of time allowed is still reasonable. See Ferguson v. Order of United Commercial Travelers of Am., 821 S.W.2d 30, 32 (Ark. 1991) ("It has long been the rule in Arkansas that parties are free to contract for a limitation period which is shorter than that prescribed by the applicable statute of limitations, so long as the stipulated time is not unreasonably short[.]"); Hawkins v. Heritage Life Ins. Co., 973 S.W.2d 823, 826 (Ark. Ct. App. 1998) ("[P]arties in Arkansas have the right to contract for something less than the statutory five-year limitation period as long as the lesser filing period is reasonable."); see also Wilkins v. Hartford Life & Accident Ins. Co., 299 F.3d 945, 948 (8th Cir. 2002) (applying Arkansas law and indicating the general statute of limitations for contract actions "'establishes a maximum, not a minimum' period") (quoting Hawkins, 973 S.W.2d at 826).

The general rule announced and applied in Ferguson, Hawkins, and Wilkins has its limitations, however. A contractually shortened period must "not contravene some statutory requirement or rule based upon public policy." Ferguson, 821 S.W.2d at 32. Graham contends section 23-79-202 of the Arkansas Code, which applies to property and life insurance policies,[1] is one such statutory requirement. Graham further contends Hartford's policy provision, shortening the period for him to file suit to a period of less than five years, contravenes the statutory requirement. We agree.

The statute clearly provides an action on a claim or loss arising under a life insurance policy may be brought "*at any time* within the period prescribed by law for bringing actions on promises in writing." Ark. Code Ann. § 23-79-202(a) (emphasis added). The period prescribed by Arkansas law for bringing actions on promises in writing is five years. See Ark. Code Ann. § 16-56-111(a) ("Actions to enforce written obligations, duties, or rights . . . shall be commenced within five (5) years after the cause of action shall accrue."); see also First Pyramid Life Ins. Co. of Am. v. Stoltz, 843 S.W.2d 842, 844 (Ark. 1992) ("The statute of limitations on actions to recover on a life insurance policy is five years from the accrual of the cause of action.") (citing Ark. Code Ann. §§ 23-79-202 & 16-56-111). The two statutes, when read together, give an insured five full years to bring an action on a life insurance policy because the phrase "at any time" necessarily encompasses all five years. Under subdivision (b) of section 23-79-202, "[a]ny stipulation or provision in the policy or contract requiring the action to be brought within any shorter time or be barred is void." The phrase "any shorter time" necessarily refers to a shorter time than the full five years. Hartford's policy impermissibly shortened the time for Graham to bring an action on

---

[1]Hartford concedes Graham's policy is a life insurance policy within the meaning of section 23-79-202, even though Graham claims dismemberment benefits under the policy rather than death benefits. See Dodson v. J.C. Penney Co., 336 F.3d 696, 701 (8th Cir. 2003) (holding Arkansas's definition of life insurance includes policies granting accidental dismemberment benefits).

his life insurance policy to something less than five years. Such provision in the policy is therefore void pursuant to subdivision (b) of section 23-79-202.

We reject Hartford's contention that section 23-79-202's reference to "period prescribed by law for bringing actions on promises in writing" incorporates the judicial rule of law discussed in <u>Ferguson</u>, <u>Hawkins</u>, and <u>Wilkins</u>, which generally permits insurers to shorten the period for bringing actions under insurance policies to a reasonable time. Although the Arkansas courts have not addressed the meaning of the phrase "period prescribed by law" within section 23-79-202, both the Arkansas Supreme Court and our court have addressed the meaning of a predecessor statute containing the identical phrase. <u>See</u> <u>Pacific Mut. Life Ins. Co. v. Butler</u>, 78 S.W.2d 813, 815 (Ark. 1935) (interpreting section 6153, Crawford & Moses' Digest); <u>Mutual Benefit Health & Accident Ass'n v. Warrell</u>, 96 F.2d 447, 449 (8th Cir. 1938) (same).

In <u>Butler</u>, the Arkansas Supreme Court referred to the "period prescribed by law" as "the period fixed by the statute of limitation of the state applicable to such suits." 78 S.W.2d at 815. In this case, the "period fixed by the statute of limitation" is the full five-year period set forth in section 16-56-111 of the Arkansas Code, not some different period allowed by a judicial rule (which rule is itself subject to statutory requirements). The Arkansas Supreme Court specifically addressed the meaning of that portion of the statute now contained in subdivision (b), stating:

> it is intended to nullify any limitation of the time within which a cause of action arising out of insurance policies may be instituted to a time shorter than the period fixed by the statute of limitation of the state applicable to such suits. In other words, the statute of limitation defining the time within which an insurance policy may be sued upon may not be shortened by any provisions contained in the policy. The effect of the statute is to make such provision void[.]

<u>Butler</u>, 78 S.W.2d at 815.

In Warrell, the Eighth Circuit interpreted the same language to reject an insurer's claim that the period of recovery on a disability insurance policy should have been limited to the two years before suit was brought instead of the full "five years before [the] action was brought in accordance with the state statute of limitations on such actions." 96 F.2d at 449. The insurer argued for a two-year period

> based upon a provision of the policy reading: "No action at law or in equity shall brought to recover on this policy prior to the expiration of sixty days after proof of loss has been filed in accordance with the requirements of this policy, nor shall such action be brought at all unless brought within two years from the expiration of the time within which proof of loss is required by the policy."

Id. In affirming the district court's decision to allow five years of recovery instead of two years, our court said the insurer's argument was "met by section 6153, Crawford & Moses' Dig. Ark." Id. We then quoted the identical language at issue in this case, which states an action on a property or life insurance policy may be brought "'at any time within the period prescribed by law for bringing actions on promises in writing; and any stipulation or provision in any such policy of insurance requiring such action to be brought within any shorter time or be barred shall be and the same is hereby declared to be void.'" Id. (quoting section 6153, Crawford & Moses' Digest).

We see no material distinction between the policy provision we interpreted in Warrell and the provision in Hartford's policy with respect to each provision's attempt to shorten the period of time within which an insured may bring an action on a policy to something less than the full five years for bringing actions on promises in writing. Our holding in Warrell, as well as Butler's reference to the "period fixed by the statute of limitation of the state applicable to such suits," are both inconsistent with Hartford's current contention that the "period prescribed by law" referred to in section 23-79-202 means something other than the full five-year period set forth in section 16-56-111.

## III

We reverse and remand for further proceedings consistent with this opinion.

_____