FILED
United States Court of Appeals
Tenth Circuit

September 30, 2009

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CAROL ANN SALISBURY,

Plaintiff - Appellant,

v.

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,

Defendant - Appellee.

No. 08-3316

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS***
**(D.C. NO. 6:08-CV-01068-MLB)**

---

Jack Shelton, Wichita, Kansas, for Plaintiff - Appellant.

Patrick J. Kenny, Armstrong Teasdale LLP, St. Louis, Missouri, and
Karrie J. Clinkinbeard, Armstrong Teasdale LLP, Kansas City, Missouri, for
Defendant - Appellee.

---

Before **HARTZ**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and
**TYMKOVICH**, Circuit Judge.

---

**HARTZ**, Circuit Judge.

---

*After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Arguing that the limitations period in her long-term-disability plan is unenforceable, Carol Ann Salisbury appeals the district court's decision that she untimely filed her lawsuit under the Employee Retirement Income Security Act of 1974 (ERISA). *See* 29 U.S.C. § 1132(a)(1)(B). We have jurisdiction under 28 U.S.C. § 1291. We hold that the plan's limitations period is enforceable and therefore affirm the summary judgment in favor of Hartford Life and Accident Insurance Company.

I.

Mrs. Salisbury is a participant in a group long-term-disability insurance plan (the Plan) issued and administered by Hartford. Mrs. Salisbury was injured at work in 2000 and became disabled under the terms of the Plan. She did not file for benefits, however, until the summer of 2002.

On October 15, 2002, Hartford approved and paid her benefits for the period from August 3, 2000, to August 2, 2002, because she was unable to perform one or more essential duties of her occupation. But because the Plan's definition of *disabled* was more restrictive for periods after the first two years of disability, Hartford denied benefits for any time after August 2, 2002. After the first two years, a claimant was entitled to benefits only if she could not perform the essential duties of any occupation, not just her own occupation, and Hartford believed that Mrs. Salisbury did not meet the any-occupation requirement.

On March 29, 2003, Mrs. Salisbury administratively appealed the denial of further benefits. Hartford rejected the appeal by letter dated September 19, 2003. Mrs. Salisbury did not file her ERISA lawsuit, however, until March 7, 2008. Upholding the Plan's three-year limitation on legal actions, the district court determined that the suit was time-barred and granted Hartford's motion for summary judgment. Mrs. Salisbury appeals.

## II.

We review the district court's decision de novo. *See Lang v. Aetna Life Ins. Co.*, 196 F.3d 1102, 1104 (10th Cir. 1999). ERISA does not contain a limitations provision for private enforcement actions under 29 U.S.C. § 1132. *See Lang*, 196 F.3d at 1104. Thus, we generally "apply the most closely analogous statute of limitations under state law." *Id.* (internal quotations marks omitted). "Choosing which state statute to borrow is unnecessary, however, where the parties have contractually agreed upon a limitations period." *Northlake Regional Med. Ctr. v. Waffle House Sys. Employee Benefit Plan*, 160 F.3d 1301, 1303 (11th Cir. 1998). "An ERISA plan is nothing more than a contract, in which parties as a general rule are free to include whatever limitations they desire." *Id.* Thus, several circuit courts have held that reasonable ERISA-plan limitations periods are enforceable. *See id.*; *Morrison v. Marsh & McLennan Cos.*, 439 F.3d 295, 302 (6th Cir. 2006); *Harris Methodist Fort Worth v. Sales Support Servs. Inc. Employee Health Care Plan*, 426 F.3d 330, 337 (5th Cir. 2005); *Wilkins v.*

*Hartford Life & Accident Ins. Co.*, 299 F.3d 945, 948 (8th Cir. 2002); *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 875 (7th Cir. 1997). We agree with these decisions, and accordingly we must determine whether the Plan's limitations period is reasonable.

In relevant part the Plan provides: "Legal action cannot be taken against us: 1. sooner than 60 days after due Proof of Loss has been furnished; or 2. three years after the time written Proof of Loss is required to be furnished according to the terms of the Policy." Aplt. App. at 152. In turn, the section regarding Proof of Loss provides: "Written Proof of Loss must be sent to us within 90 days after the start of the period for which we owe payment." *Id.* at 150. Mrs. Salisbury does not contend that three years is not a reasonable period, but she argues that the Plan's limitations period is not enforceable because it is ambiguous, circular, and confusing. In particular, she says that a participant whose claim has been denied could not determine when the limitations period commences because (1) that depends on when a proof of loss is due; (2) the proof of loss is not due before "the start of the period for which [Hartford] owe[s] payment"; and (3) Hartford's decision that it owes no payment means that the period for which it owes payment never commenced.

We disagree. "In order to determine whether a plan is ambiguous, we consider the common and ordinary meaning as a reasonable person in the position of the plan participant, not the actual participant, would have understood the

-4-

words to mean." *Miller v. Monumental Life Ins. Co.*, 502 F.3d 1245, 1250 (10th Cir. 2007) (alteration and internal quotation marks omitted). The Proof of Loss provision is not ambiguous, because a reasonable person would understand "the period for which [Hartford] owe[s] payment" as referring to the period for which the applicant seeks benefits. That period is easily determinable; for example, in this case Mrs. Salisbury claims benefits dating back to August 3, 2002. Thus, the deadline for submitting her Proof of Loss was October 31, 2002, and the contractual limitations period ran through October 31, 2005.

Mrs. Salisbury also contends that the Plan's limitations period is unenforceable because it is triggered by the Proof of Loss due-date, not by the date of exhaustion of the process for administrative review by Hartford. This court has held that "exhaustion of administrative . . . remedies is an implicit prerequisite to seeking judicial relief" under ERISA. *Held v. Mfrs. Hanover Leasing Corp.*, 912 F.2d 1197, 1206 (10th Cir. 1990). A divided panel of the Fourth Circuit refused to uphold an ERISA-plan limitations provision because under that plan, the cause of action accrued before the plan administrator made a final decision on the claim. *See White v. Sun Life Assur. Co. of Can.*, 488 F.3d 240, 247 (4th Cir. 2007) ("Th[e] interlocking remedial structure [of administrative review and the court system] does not permit an ERISA plan to start the clock ticking on civil claims while the plan is still considering internal appeals."). In contrast, the Seventh Circuit enforced a contractual limitations period

commencing when proof of disability had to be submitted, because the claimant still had a reasonable period of time to file suit after exhausting his administrative remedies. *See Abena v. Metro. Life Ins. Co.*, 544 F.3d 880, 884 (7th Cir. 2008) ("[I]f the appeals process was so protracted that the claimant was unable to file suit within the contractual period, the application of this provision would not be reasonable. But that is not what happened here."); *see also Burke v. PriceWaterHouseCoopers LLP*, 572 F.3d 76, 81 & n.5 (2d Cir. 2009) (rejecting *White* and collecting cases "upholding written plan terms including limitations periods which may begin to run before a claimant can bring legal action"); *cf. Doe*, 112 F.3d at 877 ("[W]here parties by contract shorten the period of limitations that the government had deemed the appropriate outer bounds for suit, and then one of the parties does something that makes it inequitable to hold the other party to the shortened period, there is no social interest in preventing the period from being enlarged . . . .").

We recognize that a benefits claimant must pursue the administrative process to its conclusion before filing an ERISA suit. We are not persuaded, however, by *White*'s reasons for refusing to enforce the contractual limitations provision simply because the plan allowed the claimant's cause of action to accrue before the end of the administrative process. *See* 488 F.3d at 246–53. Less drastic remedies that would take account of both the Plan's right to set a limitations period and the claimant's need to exhaust administrative remedies

would be to allow a claimant at least a reasonable time after exhaustion of administrative remedies or to apply equitable tolling during the pendency of the administrative review process.  *See Wilkins*, 299 F.3d at 949; *see also Doe*, 112 F.3d at 876 ("[I]f the defendant through representations or otherwise prevents the plaintiff from suing within the limitations period, the plaintiff may add to the remaining limitations period the entire period during which the defendant's action was effective in delaying the suit.").  But we need not decide in this case whether to endorse such remedies.  The parties do not raise the issue, and in any event, Mrs. Salisbury filed her lawsuit more than three years after Hartford's September 19, 2003, denial of her administrative appeal.

## III.

The judgment of the district court is AFFIRMED.