**Pamela R. GOERTZ, Plaintiff(s),**

v.

**The PRUDENTIAL INSURANCE COMPANY OF AMERICA, Defendant(s).**

**Case No. 09–cv–236.**

United States District Court, D. Wyoming.

Aug. 4, 2010.

---

Glenn E. Smith, Glenn E. Smith & Associates, Cheyenne, WY, for Plaintiff.

Lena Kathleen Moeller, White & Steele, Denver, CO, Maya Simmons, Patrick C. Dicarlo, Alston & Bird, Atlanta, GA, for Defendant.

## DECISION AND ORDER

NANCY D. FREUDENTHAL, District Judge.

This matter is before the Court on the parties' Cross Motions for Summary Judgment. The Court having read the parties' submissions and the responses thereto, having heard oral argument of counsel and being otherwise fully advised, and in accordance with the oral ruling from the bench at the hearing, as reflected more fully on the record of the proceedings, hereby FINDS and ORDERS as follows:

### STATEMENT OF UNDISPUTED RELEVANT FACTS

In January of 2006, Plaintiff Pamela R. Goertz (Goertz) suffered a Grand Mal seizure while at work as a legal secretary and paralegal for her employer, Holme, Roberts & Owen, LLP. [Complaint ¶ 10] She last worked for this employer on March 16, 2006, and then left listing an accumulation of medical problems, conditions and symptoms. [*Id.* at ¶¶ 11–16]

On June 22, 2006, Goertz filed a claim for long-term disability benefits under an employee benefit plan insured by a policy issued by Defendant Prudential Insurance Company of America (Prudential). [Complaint ¶ 17] On September 6, 2006, Prudential denied Goertz's claim. [D0382–384] On October 26, 2006, Goertz appealed Prudential's denial of claim. [D0009–12] Prudential denied this appeal on January 17, 2007. [D0368–373] Goertz filed a voluntary second appeal on March 8, 2007. [D0081–87] Prudential denied the second appeal on April 5, 2007. [D0353–361] Goertz filed this lawsuit on October 16, 2009.

The employee benefit plan (the Plan) provides for a three-year limitation period "from the time proof of claim is required...." [D0465] According to the Plan, Goertz was required to submit proof of her claim no later than ninety days after her elimination period ended. [D0464] The contractual elimination period was also ninety days, during which Goertz's was required to be continuously disabled. [D0452] Considering the record which indicates Goertz's last work day was March 16, 2006, Goertz was required to submit her proof of claim no later than September 13, 2006. [D0052] She met this time requirement by her claim filing on June 22, 2006. Using September 13, 2006 as "the time proof of claim is required" under the Plan, Goertz missed the three-year limitation provision for filing a lawsuit when she filed her Complaint on October 16, 2009.

## POSITIONS OF THE PARTIES

■ Prudential's Cross Motion for Summary Judgment urges the Court to dismiss Plaintiff's claim as time barred by the three-year contractual limitations provision. Goertz responds arguing that the Plan's three-year limitations provision should be equitably tolled during the time she was required to exhaust her administrative remedies. If the limitations period was thus tolled, Goertz's lawsuit would be timely filed.

## DISCUSSION

■ The Tenth Circuit has generally addressed limitations periods under ERISA:

ERISA does not contain a limitations provision for private enforcement actions under 29 U.S.C. § 1132. [Citation omitted] Thus, we generally "apply the most closely analogous statute of limitations under state law." [Citation omitted] "Choosing which state statute to borrow is unnecessary, however, where the parties have contractually agreed upon a limitations period." [Citation omitted] "An ERISA plan is nothing more than a contract, in which parties as a general rule are free to include whatever limitations they desire." [Citation omitted] Thus, several circuit courts have held that reasonable ERISA-plan limitations periods are enforceable. [Citations omitted] We agree with these decisions....

*Salisbury v. Hartford Life and Accident Insurance Co.,* 583 F.3d 1245, 1247–1248 (10th Cir.2009).

Goertz's tolling argument relies on the following dicta in *Salisbury:*

We recognize that a benefits claimant must pursue the administrative process to its conclusion before filing an ERISA suit. We are not persuaded, however, by *White's* [*White v. Sun Life Assur. Co. Of Can.,* 488 F.3d 240, 247 (4th Cir.2007)] reasons for refusing to enforce the contractual limitations provision simply because the plan allowed the claimant's cause of action to accrue before the end of the administrative process. *See* 488 F.3d at 246–53. Less drastic remedies that would take account of both the

Plan's right to set a limitations period and the claimant's need to exhaust administrative remedies would be to allow a claimant at least a reasonable time after exhaustion of administrative remedies or to apply equitable tolling during the pendency of the administrative review process. *See Wilkins [v. Hartford Life & Accident Ins. Co.,* 299 F.3d 945, 948, 949 (8th Cir.2002) ] ["the three-year contractual limitations period is enforceable under Arkansas law so long as it is not unreasonably short."]; *see also Doe [v. Blue Cross & Blue Shield United of Wis.,* 112 F.3d 869, 876 (7th Cir.1997) ] ("[I]f the defendant through representations or otherwise prevents the plaintiff from suing within the limitations period, the plaintiff may add to the remaining limitations period the entire period during which the defendant's action was effective in delaying the suit.").

*Salisbury,* 583 F.3d at 1249.

This Court concludes Goertz's reliance on *Salisbury* for her tolling argument is misplaced. The *Salisbury* dicta reflects a narrow recognition of reasons to disregard or extend a contractual limitations provision—namely if the period is unreasonably short or if a defendant's representations prevented plaintiff from suing within the limitations period. These facts are not present in this case. Here, Goertz had *more than* three years from Prudential's initial denial of her claim to file her lawsuit. It is important to note that Prudential's initial denial is a clear and very informative repudiation of the claim provided directly to Goertz. [D0382–384] This satisfies *Held v. Manufacturers Hanover Leasing Corporation,* 912 F.2d 1197, 1205–1206 (10th Cir.1990), which states that, "[u]niformly, courts recognize that an ERISA cause of action accrues when an application for benefits is denied." [Citations omitted] ("ERISA cause of action accrues, and the ... limitations period be-

gins to run, when there has been 'a repudiation by the fiduciary which is clear and made known to the beneficiar[y]' ").

In addition, Goertz had nearly 32 months following exhaustion of the required administrative remedies (the first appeal) to file a lawsuit. [D0368] Finally, Goertz had more than 29 months to file her lawsuit following Prudential's denial of her voluntary second appeal. [D0353] Goertz makes no argument that either 3 years, or 32 months or 29 months is unreasonably short. Goertz also makes no argument that Prudential's mandatory administrative review process was unreasonably long, or that Prudential did anything at all to delay the filing of her lawsuit.

This Court recognizes there is a split of authority on the issue presented in this case. *See Salcedo v. John Hancock Mutual Life Insurance Co.,* 38 F.Supp.2d 37, 42–43 (D.Mass.1998) (collecting cases). However, the Tenth Circuit appears to hold that the appropriate accrual date for an ERISA limitations provision is when a fiduciary formally denies an application for benefits, and *not* when an appeal is denied. This is clear from *Salisbury* in that the Tenth Circuit rejected *White's* reasons for refusing to enforce the contractual limitations provision "simply because the plan allowed the claimant's cause of action to accrue before the end of the administrative process." *See* 488 F.3d at 246–53. The *Salisbury* court merely offers claimants limited relief, by its reference to cases that discuss limitation provisions which are unreasonably short and actions by fiduciaries which delay a lawsuit. In this case, Goertz had three years to file her lawsuit from a clear and informative fiduciary denial of her claim. No facts are presented in this case to bring Goertz's claim under the dicta in *Salisbury* which might have given her a basis for this Court to ignore the

Plan's right to set a reasonable limitations period. Therefore, Plaintiff's ERISA claim is time-barred. Because this decision concludes that Plaintiff's ERISA suit is time-barred, the Court does not reach the remaining bases for summary judgment as argued by the parties.

**IT IS THEREFORE HEREBY OR-DERED,** Plaintiff's motion for summary judgment is DENIED and Defendant's motion for summary judgment is GRANT-ED.