FILED
United States Court of Appeals
Tenth Circuit

March 22, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

DEANNE YOUNG,

        Plaintiff–Appellant,

v.

UNITED PARCEL SERVICES, INC.
EMPLOYEES' SHORT TERM
DISABILITY PLAN; AETNA LIFE
INSURANCE COMPANY,

        Defendants–Appellees.

No. 10-4156
(D.C. No. 2:09-CV-00812-BSJ)
(D. Utah)

---

ORDER AND JUDGMENT[*]

---

Before **LUCERO**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

---

Deanne Young appeals the district court's dismissal of her claims under the

Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C.

§§ 1001-1461, as barred by the contractual limitations provision in the United

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Parcel Service Inc. ("UPS") Flexible Benefits Plan. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

Young is a former UPS employee. She applied for and received short-term disability benefits under the UPS Flexible Benefits Plan ("UPS Plan") beginning on December 17, 2007. AETNA Life Insurance Company is the claims administrator for short-term disability claims under the UPS Plan. On March 20, 2008, AETNA sent Young a letter stating that it had not received medical information supporting a disability beyond March 11, 2008. Young's short-term disability benefits therefore terminated after that date. AETNA's letter indicated that Young could appeal its determination by filing a written request within 180 days. Young filed a first-level appeal, which was denied by AETNA on May 12, 2008, in a letter informing her that she had 60 days to file a further appeal. Young's second-level appeal was denied by the UPS Claims Review Committee ("the Committee") on October 17, 2008. The Committee's letter informed her that she might have a right to sue under ERISA, but it did not indicate any deadline for filing suit.

Young filed this action almost a year later, on September 8, 2009. The UPS Plan and AETNA (collectively "UPS Parties") moved to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), arguing that her action was barred by the contractual limitations

provision in the UPS Plan's summary plan description ("the SPD"). The SPD

includes the following language:

> ### *Limitation on Legal Action*
> Any legal action to receive Plan benefits must be filed the earlier of:
> - six months from the date a determination is made under the Plan or should have been made in accordance with the Plan's claims review procedures, or
> - three years from the date the service or treatment was provided or the date the claim arose, whichever is earlier.
>
> Your failure to file suit within this time limit results in the loss/waiver of your right to file suit.

The UPS Parties contended that, under this provision, Young's time to file her

action expired on April 17, 2009, six months after the Committee's denial of her

second-level appeal. Holding that the six-month limitation in the SPD is

reasonable and enforceable, the district court granted the UPS Parties' motion and

dismissed the action with prejudice. Young filed a timely appeal in which she

contends: (1) the Limitation on Legal Action provision is an unauthorized

amendment to the UPS Plan; (2) the provision is ambiguous and unenforceable;

and (3) UPS breached its promise, contained in the SPD, to inform her of the time

limit for filing suit.

## II

"The legal sufficiency of a complaint is a question of law, and a Rule

12(b)(6) dismissal is reviewed de novo." Smith v. United States, 561 F.3d 1090,

1098 (10th Cir. 2009), cert. denied, 130 S. Ct. 1142 (2010). "To survive a motion

to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotation omitted). "If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . . ." Jones v. Bock, 549 U.S. 199, 215 (2007). In evaluating a motion to dismiss, courts "may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." Smith, 561 F.3d at 1098 (quotation omitted).

### III

Young's arguments require us to construe the terms of the UPS Plan. "[A]n employee benefit plan must be established by a 'written instrument.'" Chiles v. Ceridian Corp., 95 F.3d 1505, 1511 (10th Cir. 1996) (quoting 29 U.S.C. § 1102(a)(1)). In addition, an employer is required to furnish plan participants with a summary plan description, which "shall be sufficiently accurate and comprehensive to reasonably apprise such participants . . . of their rights and obligations under the plan." 29 U.S.C. § 1022(a). A summary plan description must contain certain information, including the "circumstances which may result in disqualification, ineligibility, or denial or loss of benefits." § 1022(b). And it must "be written in a manner calculated to be understood by the average plan participant." § 1022(a). In construing the terms of an ERISA plan, we examine

-4-

the plan documents as a whole, including the summary plan description. See

Chiles, 95 F.3d at 1511. We will give the language in the plan documents "its

common and ordinary meaning as a reasonable person in the position of the plan

participant, not the actual participant, would have understood the words to mean."

Id. (quotation and alteration omitted).

## A

Because ERISA does not contain a statute of limitations for private

enforcement actions, courts "generally apply the most closely analogous statute of

limitations under state law." Salisbury v. Hartford Life & Accident Co., 583 F.3d

1245, 1247 (10th Cir. 2009) (quotation omitted). Parties to an ERISA plan are

free, however, to include a reasonable contractual limitations period in the plan.

Id. at 1247-48. Young argues in this case that the Limitation on Legal Action

provision, which appears only in the SPD, is unenforceable as an unauthorized

amendment of the Plan; therefore, she maintains that the default state-law statute

of limitations applies, under which her action was timely.

"Employers or other plan sponsors are generally free under ERISA, for any

reason at any time, to adopt, modify, or terminate welfare plans." Curtiss-Wright

Corp. v. Schoonejongen, 514 U.S. 73, 78 (1995). But every ERISA Plan must

"provide a procedure for amending such plan, and for identifying the persons who

have authority to amend the plan." 29 U.S.C. § 1102(b)(3). Any amendment to a

plan must comply with that procedure in order to be authorized. See

-5-

Curtiss-Wright Corp., 514 U.S. at 85 ("ERISA . . . dictat[es] only that whatever level of specificity a company ultimately chooses, in an amendment procedure or elsewhere, it is bound to that level.").  The UPS Plan grants UPS broad amending authority, for both the UPS Plan itself and the SPD, as follows:

> The Employer, through its duly authorized Corporate Benefits Manager, reserves the right to amend the provisions of the Plan to any extent and in any manner it desires by execution of a written document describing the intended amendment(s).  The SPD attached hereto may be amended at any time by preparation and publication of a revised SPD . . . by the Corporate Benefits Manager.  Upon adoption, the SPD, as amended, shall be attached hereto as Appendix D.

For her proposition that the Limitation on Legal Action provision in the SPD is an unauthorized amendment of the UPS Plan, Young cites Jobe v. Medical Life Insurance Co., 598 F.3d 478 (8th Cir. 2010).  In Jobe, the Eighth Circuit addressed whether to apply a de novo or abuse-of-discretion standard of review to a plan administrator's determination, given that the summary plan description granted the administrator discretion, but the plan was silent on that issue.  See id. at 481.  The court noted that, absent a grant of discretion in a plan, the default standard of de novo review would apply.  See id. at 483.  The court concluded that the plan and the summary plan description were in conflict, reasoning that the plan, by its silence, provided for de novo review, while the summary plan description provided for abuse-of-discretion review.  See id.  The plan documents in Jobe uniformly provided that the plan's terms prevailed over the summary plan

-6-

description.  See id. at 483-84 & n.4.  Young argues that UPS Plan and SPD are similarly in conflict, asserting that the default state-law statute of limitations applies under the terms of the UPS Plan, but the six-month contractual limitations period applies under the SPD.

Jobe does not apply here because the terms of the UPS Plan differ significantly from the terms of the plan at issue in that case.  The UPS Plan expressly incorporates the terms of the SPD into the Plan by providing:  "The summary plan description and [summaries of material modifications] . . . are hereby incorporated by reference and shall constitute a part of the Plan."  The UPS Plan also provides, "[i]f the terms of [the Plan] and the SPD conflict, the SPD shall govern."  Thus, under the terms of the UPS Plan, the Limitation on Legal Action provision is incorporated into and made a part of the Plan.  And even if there were a conflict between the UPS Plan's silence and the time limits stated in the Limitation on Legal Action provision, the latter would prevail as part of the SPD, which explicitly amended the UPS Plan.  Finally, Young does not contend that any amendment to the UPS Plan or the SPD failed to comply with the Plan's amendment procedures.  Therefore, Young fails to show that the Limitation on Legal Action provision in the SPD is unenforceable as an unauthorized amendment of the UPS Plan.

**B**

Young also contends that the Limitation on Legal Action provision is unenforceable because the average plan participant would expect it to be located in a different section of the SPD and because its terms are ambiguous. The Limitation on Legal Action provision is located in a section of the SPD headed "If Your Claim Is Denied," which is one of the main sections listed in the SPD's table of contents. This section describes the chronology of the appeals process applicable to denied claims, beginning with the receipt of a denial notice from the claims administrator, through the denial of a second-level appeal by the Committee. The Limitation on Legal Action provision is located in this section, under a bold, italicized and larger-font heading.

Young argues that the UPS Plan's placement of the Limitation on Legal Action provision within the SPD is so misleading that it is unenforceable. She contends that, having been advised by the Committee that she may have a right to file an ERISA action in federal court, a plan participant would reasonably search the SPD for information regarding ERISA. However, a reasonable plan participant, consulting the SPD after having received a denial notice from the claim administrator, would find the If Your Claim is Denied section prominently listed in the table of contents. We reject Young's assertion that UPS placed this provision in the "wrong" section of the SPD.

Young also contends that the text of the Limitation on Legal Action provision is ambiguous. She is correct that "[t]he duty of clarity falls upon the plan sponsor." Chiles, 95 F.3d at 1518. She raises two contentions of ambiguity that merit discussion.

She argues that the first bullet of the Limitation on Legal Action provision is ambiguous with respect to what "determination" triggers the beginning of the six-month period. She notes that AETNA and UPS made several determinations under the UPS Plan and if UPS meant the "final" determination, it could have and should have used that term. We do not agree that a failure to specify the "final" determination makes the commencement of the six-month period ambiguous. When read in conjunction with the detailed description of the appeals process in the same section, including the statement that "[y]ou cannot file suit in federal court until you have exhausted these appeal procedures," it is sufficiently clear to a plan participant in Young's position that "determination" does not refer to the intermediate steps in the appeal process.

Young also contends that it is unclear whether the three-year period described in the second bullet of the Limitation on Legal Action provision applied to her claim because that provision fails to define when her claim arose. But the three-year alternative period applies only when it ends earlier than the six-month period. Young's six-month period expired on April 17, 2009. She does not assert that her claim arose more than three years before that date, as she did not claim a

disability until December 2007 and her benefits were not terminated until March 2008. Thus, it would be clear to a plan participant in Young's position that, upon the Committee's determination on her second-level appeal on October 17, 2008, she had six more months to file her action. Young has not established that the Limitation on Legal Action provision is ambiguous.

C

Young's final contention is that UPS breached its promise in the SPD to inform her of the time limit for filing suit. She points to language in the If Your Claim Was Denied section stating that a notice of claim denial will contain "a description of the Plan's appeal procedures and the time limits applicable to such procedures, including a statement of your right to bring a civil action following a denial of your appeal." The SPD provides further that, if the Committee denies a second-level appeal, the notice will contain this same information. Young does not dispute that each of the letters from AETNA included information regarding the applicable time limits for filing an appeal. She maintains, however, that the language in the SPD referring to the time limits applicable to the appeal procedures also required the Committee to notify her of the deadline for filing her ERISA action. But, as the UPS Parties point out, this argument conflates the internal appeals process, and its associated deadlines, with the filing of a legal action after that process has been fully exhausted. The SPD states only that notice will be provided regarding the time limits applicable to the appeal

procedures.  Therefore, Young fails to show a breach of the terms of the Plan regarding notice of her right to file an ERISA action.

**IV**

**AFFIRMED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge